UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cr-80054-Singhal/Maynard

18 U.S.C. § 1956(h)
18 U.S.C. § 1349
18 U.S.C. § 1344

UNITED STATES OF AMERICA

vs.

ORELIEN MARTIAL NGUEPI-TANKOUA,
JEAN PAUL BAYOI, and
TAMBLYN MILTON FRASIER,

        Defendants.
_____/

FILED BY ___TM___ D.C.

Apr 8, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Wells Fargo was a financial institution, with branches located in the States of Florida, Georgia, and elsewhere, whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. Victim 1 was a resident of New York.

3. Company 1 was a financial representative for Victim 1, with an office physically located in Palm Beach County, whose business includes the administration of retirement accounts and the sale of annuities.

4. On or about August 19, 2021, a U.S. Treasury Check ending in the number 7472, in the amount of $1,174,997.05, was issued and made payable to Company 1 for the benefit of Victim 1.

5. **ORELIEN MARTIAL NGUEPI-TANKOUA** was an individual who resided in Miami-Dade County, Florida.

6. **JEAN PAUL BAYOI** was an individual who resided in Georgia.

7. **TAMBLYN MILTON FRASIER** was an individual who resided in Georgia.

## COUNT 1
## Conspiracy to Commit Money Laundering
## (18 U.S.C. § 1956(h))

1. From in or around September 2021, and continuing through in or around October 2021, the exact dates being unknown to the Grand Jury, in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ORELIEN MARTIAL NGUEPI-TANKOUA,
JEAN PAUL BAYOI,
and
TAMBLYN MILTON FRASIER,**

did knowingly and voluntarily combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956, that is, to knowingly conduct, and attempt to conduct, a financial transaction which involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

2. It is further alleged that the specified unlawful activity is the knowing and willful receipt and retention of a stolen and purloined U.S. Treasury check, the value of said check being in excess of $1,000.00, with the intent to convert that check for their own use or gain, in violation of Title 18, United States Code, Section 641.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 2
### Conspiracy to Commit Bank Fraud
### (18 U.S.C. § 1349)

1. Paragraphs 1 through 7 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From in or around September 2021, and continuing through in or around October 2021, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ORELIEN MARTIAL NGUEPI-TANKOUA,
JEAN PAUL BAYOI,
and
TAMBLYN MILTON FRASIER,**

did knowingly and willfully combine, conspire, confederate and agree with each other, and others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly, and with intent to defraud, execute a scheme and artifice to defraud a financial institution, that is, Wells Fargo, and to obtain money, funds, and other property owned by, and under the custody and control of said financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(1) and (2).

### OJBECT OF THE CONSPIRACY

3. It was the object of the conspiracy for **ORELIEN MARTIAL NGUEPI-TANKOUA, JEAN PAUL BAYOI, TAMBLYN MILTON FRASIER,** and other persons known and unknown to the Grand Jury, to unlawfully enrich themselves by fraudulently opening a bank account at a financial institution, depositing a stolen check into that fraudulently opened

3

account, and subsequently withdrawing funds from that fraudulently opened account into which the stolen check had been deposited.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the objective of the conspiracy included, among other things, the following:

4. In or around early September 2021, **ORELIEN MARTIAL NGUEPI-TANKOUA** and his coconspirators were in possession of a stolen U.S. Treasury check ending in the number 7472, in the amount of $1,174,997.05, issued to Company 1 for the benefit of Victim 1.

5. On September 8, 2021, in Lawrenceville, Georgia, **ORELIEN MARTIAL NUEPI-TANKOUA, JEAN PAUL BAYOI, and TAMBLYN MILTON FRASIER** opened, and caused to be opened, a fraudulent Wells Fargo account in the name of Company 1 (ending in #9786), using fake identification bearing **TAMBYLN MILTON FRASIER's** photograph and other fraudulent documents. After the fraudulent account in the name of Company1 was opened, the bank provided a debit card and starter checks.

6. On or about September 17, 2021, **ORELIEN MARTIAL NGUEPI-TANKOUA** deposited the stolen check into the Wells Fargo account using an Automated Teller Machine (ATM) located in Sunny Isles, Florida.

7. Between on or about September 27, 2021, and on or about October 4, 2021, **ORELIEN MARTIAL NGUEPI-TANKOUA, JEAN PAUL BAYOI**, and other unknown conspirators used, and caused to be used, starter checks to withdraw the stolen money from the Wells Fargo account (ending in #9786).

All in violation of Title 18, United States Code, Section 1349.

## COUNT 3
## Bank Fraud
## (18 U.S.C. § 1344)

1. Paragraphs 1 through 7 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. On or about September 17, 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ORELIEN MARTIAL NGUEPI-TANKOUA,
JEAN PAUL BAYOI,
and
TAMBLYN MILTON FRASIER,**

did knowingly, and with intent to defraud, execute and attempt to execute a scheme and artifice to defraud a financial institution, that is, Well Fargo, and to obtain money, funds, and other property owned by, and under the custody and control of, said financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(1) and (2).

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for **ORELIEN MARTIAL NGUEPI-TANKOUA, JEAN PAUL BAYOI, TAMBLYN MILTON FRASIER** and other persons known and unknown to the Grand Jury unlawfully enrich themselves by fraudulently opening a bank account at a financial institution, depositing a stolen check into that fraudulently opened account, and subsequently withdrawing funds from that fraudulently opened account into which the stolen check had been deposited.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4. The Manner and Means section from Count 2 of this Indictment is realleged and incorporated by reference as though fully set forth herein.

## EXECUTION OF THE SCHEME AND ARTIFICE

5.  On or about September 17, 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, **ORELIEN MARTIAL NGUEPI-TANKOUA, JEAN PAUL BAYOI, and TAMBLYN MILTON FRASIER,** did execute the scheme and artifice, and did cause said scheme and artifice to be executed, by depositing the stolen check in the approximate amount of $1,174,997.05 into the Wells Fargo account fraudulently opened in the name of Company 1 (ending in #9786).

All in violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

## FORFEITURE ALLEGATIONS

1.  The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ORELIEN MARTIAL NGUEPI-TANKOUA, JEAN PAUL BAYOI, and TAMBLYN MILTON FRASIER,** have an interest.

2.  Upon conviction of a violation of a violation of Title 18, United States Code, Section 1956(h), as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such violation, and/or traceable to such property.

3.  Upon conviction of a violation of, or conspiracy to violate, Title 18, United States Code, Section 1344, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation.

All pursuant to Title 18, United States Code, Sections 982(a)(1) and (a)(2)(A), and the

procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

*[signature]*
HAYDEN O'BYRNE
UNITED STATES ATTORNEY

*Rinku Tribuiani*
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

ORELIEN MARTIAL NGUEPI-TANKOUA,
JEAN PAUL BAYOI, and
TAMBLYN MILTON FRASIER,         /
                Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [ ] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [✓] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __2__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I [✓] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [✓] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Ryon M. McCabe  Magistrate Case No. 25-8126-RMM
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of  "Not in custody"
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
RINKU TRIBUIANI
Assistant United States Attorney
FL Bar No.        0150990

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Orelien Martial Nguepi-Tankoua

**Case No**: _____

Count #: 1

Conspiracy to Commit Money Laundering

18 U.S.C. § 1956
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $1 million or Twice the Value of the Property Involved in the Transaction
* Special Assessment: $100

Count #: 2

Conspiracy to Commit Bank Fraud

18 U.S.C. § 1349
* Max. Term of Imprisonment: 30 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $1 million or Twice the Intended Gain or Twice the Intended Loss
* Special Assessment: $100

Count #: 3

Bank Fraud

18 U.S.C. § 1344
* Max. Term of Imprisonment: 30 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $1 million or Twice the Intended Gain or Twice the Intended Loss
* Special Assessment: $100

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Jean Paul Bayoi

**Case No:** _____

Count #: 1

Conspiracy to Commit Money Laundering

18 U.S.C. § 1956
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $1 million or Twice the Value of the Property Involved in the Transaction
* Special Assessment: $100

Count #: 2

Conspiracy to Commit Bank Fraud

18 U.S.C. § 1349
* Max. Term of Imprisonment: 30 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $1 million or Twice the Intended Gain or Twice the Intended Loss
* Special Assessment: $100

Count #: 3

Bank Fraud

18 U.S.C. § 1344
* Max. Term of Imprisonment: 30 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $1 million or Twice the Intended Gain or Twice the Intended Loss
* Special Assessment: $100

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Tamblyn Milton Frasier

Case No: _____

Count #: 1

Conspiracy to Commit Money Laundering

18 U.S.C. § 1956
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $1 million or Twice the Value of the Property Involved in the Transaction**
* **Special Assessment: $100**


Count #: 2

Conspiracy to Commit Bank Fraud

18 U.S.C. § 1349
* **Max. Term of Imprisonment: 30 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $1 million or Twice the Intended Gain or Twice the Intended Loss**
* **Special Assessment: $100**


Count #: 3

Bank Fraud

18 U.S.C. § 1344
* **Max. Term of Imprisonment: 30 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $1 million or Twice the Intended Gain or Twice the Intended Loss**
* **Special Assessment: $100**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.